Case 4:15-cv-03258   Document 18   Filed in TXSD on 02/08/17   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 09, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHRYN BANWART, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-03258 |
| | § | |
| CAROLYN W. COLVIN, | § | |
|     *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Kathryn Banwart filed this case under the Social Security Act, 42 U.S.C. § 405(g), for review of the Commissioner's final decision denying her request for social security benefits. Dkt 1. The matter was referred to this magistrate judge by District Judge David Hittner. Dkt. 8. Banwart and the Commissioner moved for summary judgment. Dkt. Nos. 12, 15. After reviewing the record and the law, the Court recommends Banwart's motion be denied, the Commissioner's motion be granted, and final judgment be entered affirming the Commissioner's final decision.

### Background

Banwart filed this claim for disability insurance benefits and supplemental security income on June 27, 2013, alleging disability beginning December 16, 2006. Her claim was denied upon initial review. Dkt. 1-1 at 4. On January 27, 2015, an administrative hearing was held where a vocational expert testified. On April 7, 2015, the administrative law judge (ALJ) issued an unfavorable decision, finding Banwart not disabled. *Id.* at 13. Banwart argues that (1) the ALJ erred by not adequately examining the evidence presented, and (2) he failed to consider the combination of Banwart's many impairments precludes her from full-time work.

## Legal Standards

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). While the Court must consider the entire record in making a decision, it may not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner even if the evidence preponderates against the Commissioner's decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). The court strives for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The evidence must create more than "a suspicion of existence of the fact to be established, but no 'substantial evidence will be found only where there is a conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). It is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

## Analysis

A claimant is disabled only if she is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). The

commissioner applies a five-step sequential process to decide disability status.[1] The claimant bears the burden of proof on the first four steps to establish that a disability exists. If successful, the burden shifts to the Commissioner, in step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner shows that other jobs are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The ALJ followed the usual five-step sequential analysis in reaching his decision and determined that Banwart had the following severe impairments: cervical lumbar, and thoracic spine pain/ discomfort. Dkt. 1-1. Banwart also complained of depression, attention deficit disorder (ADD), insomnia, and various other mental impairments. The ALJ did not find Banwart's mental impairments to be severe, and determined that these mild impairments in conjunction with the severe physical impairments did not amount to a disability.

In making the determination, the ALJ gave significant weight to the assessment of the reviewing state agency medical examiners. Dkt. 1-1 at 13. Banwart complained that the depression would leave her debilitated for days at a time, cause her to miss work several times a month, and prevent her from doing simple tasks, like grocery shopping. The medical records contradict this testimony. The record shows that Banwart, at one point, did show signs of depression. However, upon treatment, her primary care physician

---

[1] (1) Is the claimant currently engaged in substantially gainful activity, i.e., working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform her past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education and work experience, is there other work she can do? If so, the claimant is not disabled. 20 C.F.R. §§404.1520, 416.920; *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).

consistently noted that Banwart did not appear to be in acute distress, directly contradicting the allegations of the severity of Banwart's mental impairment. When evidence is contradictory, it is the province of the ALJ to determine which is more credible and how it should be weighed. *See Newton*, 209 F.3d at 455. The ALJ supported the determination with evidence in the medical record that Banwart's mental impairments were well-controlled by medication. Impairments that can be reasonably controlled by medication or treatment are not disabling. *Johnson*, 864 F.2d at 347.

Although the ALJ misstated at one point (Dkt. 1-1 at 7) that Banwart had not sought treatment for her depression, the error does not appear to be significant. Elsewhere in the decision the ALJ noted that Banwart reported "depression and anxiety" and had "received her psychiatric medications via her primary care physician." Dkt. 1-1 at 9. The ALJ expressly found two functional limitations caused by her "depressed feelings and/or anxiety," but in both instances (social functioning and concentration) concluded that they were only "mild." Dkt. 1-1 at 7. The ALJ also expressly noted in the section explaining her RFC determination that Banwart had "experienced depression and anxiety" for which she was taking medication. Dkt. 1-1 at 12. Because the balance of the ALJ decision reflects awareness that Banwart sought and received treatment related to her mental health, the lone misstatement did not affect the outcome of the case and must be regarded as harmless. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Considering the decision as a whole, the ALJ's conclusion that Banwart's mental impairments are non-severe is based on substantial evidence.

Nor did the ALJ err by failing to consider the frequency of Banwart's medical appointments over a six year period, as Banwart contends. Extrapolating from the number of visits (266) and an estimated number of hours each visit might entail (4), Banwart calculates that on average she would have missed two days of work per month, a level of absenteeism no employer would tolerate. Dkt. 12 at 5. In support she cites the testimony of the vocational expert that missing three days a month would preclude the claimant's ability to hold a job. Dkt. 16 at 3.

This argument rests on too speculative a foundation to be convincing. *See Barnett v. Apfel,* 231 F.3d 687, 691 (10th Cir. 2000) (ALJ did not err by failing to consider claimant's absenteeism extrapolated from medical records). Nothing in the record indicates the length of each visit, nor how many of the visits would have required missing a full day's work. None of Banwart's treating or examining physicians offered any opinion regarding the number of days of work she might miss due to her physical or mental impairments. Finally, the chart listing the chronology of her medical visits, attached as Exhibit C to Banwart's motion for summary judgment, was not submitted to the ALJ prior to his decision. Under these circumstances, the ALJ cannot fairly be criticized for failing to expressly consider the impact of Banwart's frequent medical visits on her availability for work. *See Audler v. Astrue,* 501 F.3d 446, 448 (5th Cir. 2007) (ALJ not required to do an exhaustive point-by-point discussion in every case).

**Conclusion**

For these reasons, plaintiff's motion for summary judgment should be denied, defendant's motion should be granted, and final judgment should be entered affirming the Commissioner's final decision.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to file timely objections precludes appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on February 8, 2017.

_____
Stephen Wm Smith
United States Magistrate Judge